UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: STIVAX MARKETING
AND SALES PRACTICES LITIGATION                              MDL No. 3054

ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiff in an Eastern District of Pennsylvania action moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Arizona. The litigation consists of two actions, as listed on Schedule A. Only one party involved in those actions responded to the motion—defendant Biegler GmbH, who opposes centralization.[1]

After considering the argument of counsel,[2] we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The Panel repeatedly has explained that, "where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization." *In re Transocean Ltd. Secs. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movant has failed to carry that burden here. Plaintiffs in these two actions are medical practitioners who allege that defendants Biegler, Solace Advancement, LLC, and James Carpenter persuaded them to purchase auricular electro-acupuncture devices by falsely representing that the devices and related services were reimbursable under the Medicare Program.[3] While the actions involve some overlapping factual questions, those questions do not seem sufficiently complex or numerous to warrant the creation of an MDL. Discovery regarding defendants' conduct should be fairly straight-forward, and informal coordination should be possible to avoid unnecessary duplication of effort. *See In re Convergent Outsourcing, Inc.*, 84 F.

---

[*] Judge Madeline Cox Arleo did not participate in the decision of this matter.

[1] The motion originally requested centralization of a third action—*United States v. Warren*, a civil False Claims Act suit in the Eastern District of Pennsylvania—but, on October 24, 2022, a default judgment was entered in that action and the docket has been closed. The United States filed a response to the motion on October 25, 2022, opposing the inclusion of *Warren* in any MDL.

[2] All parties waived oral argument. Accordingly, the question of transfer of these actions was submitted on the briefs under Panel Rule 11.1.

[3] Auricular electro-acupuncture devices are small, portable units that are taped to a patient's skin, with needles that are inserted into the skin of the patient's ear. The devices provide electrical current, which purportedly helps control pain.

- 2 -

Supp. 3d 1369, 1370-71 (J.P.M.L. 2015) (denying centralization of six actions where the issues were not complex and "voluntary cooperation and coordination among the parties and the involved courts seems a feasible alternative to centralization"). In addition, each of the actions will involve distinct questions of fact regarding what representations were made to plaintiffs and by whom, and whether plaintiffs justifiably relied on such representations.

We also note that movant has failed to provide essential information regarding the status of the E.D. Pennsylvania *Neurosurgical Care* action.[4] On September 6, 2022, movant was ordered by the court in that action to effect service of process on Biegler pursuant to the Hague Service Convention within 90 days, yet, based on the evidence of record, Biegler has not been served. Moreover, the other two defendants in the action, Solace Advancement and Carpenter, informed the Panel in an October 24, 2022 Notice of Waiver of Oral Argument that they have reached a "settlement agreement in principle" with plaintiff. However, movant has not notified the Panel of any such development, and no settlement or dismissal as to those defendants is reflected in the docket. The status of these matters is of obvious significance—a minimum of two cases pending in two different districts is required for transfer under Section 1407. *See In re Wells Fargo Inspection Fee Litig.*, 158 F. Supp. 3d 1366, 1367 (J.P.M.L. 2016). The uncertainty as to the future course of *Neurosurgical Care* further persuades us that centralization is not warranted.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton     Matthew F. Kennelly
David C. Norton     Roger T. Benitez
Dale A. Kimball

---

[4] Panel Rule 6.1(f) requires that counsel "promptly notify the Clerk of the Panel of any development that would partially or completely moot any Panel matter."

**IN RE: STIVAX MARKETING
AND SALES PRACTICES LITIGATION** MDL No. 3054

## SCHEDULE A

<u>District of Arizona</u>

MUNDERLOH, ET AL. v. BIEGLER GMBH, ET AL., C.A. No. 3:21−08004

<u>Eastern District of Pennsylvania</u>

NEUROSURGICAL CARE, LLC v. DOC SOLUTIONS LLC, ET AL.,
C.A. No. 2:19−05751